```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


ANGELO KEITH CLARK,              §
TDCJ-CID NO. 594754,             §
                                 §
            Plaintiff,           §
                                 §
v.                               §    CIVIL ACTION NO. H-10-1902
                                 §
ERNEST D. LYKISSA, PH.D.,        §
et al.,                          §
                                 §
            Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

Angelo Keith Clark, a convicted felon incarcerated in the Texas Department of Criminal Justice — Institutional Division (TDCJ-CID), has filed a 42 U.S.C. § 1983 complaint (Docket Entry No. 1) against Dr. Ernest D. Lykissa, Laboratory Director, and his employer, Expertox, Inc., an analytical laboratory. Clark argues that Lykissa and Expertox violated his civil rights with regard to an investigation related to a criminal conviction for which he is now serving time in prison. After reviewing the pleadings, the court has determined that this action should be dismissed as legally frivolous.

### I. Allegations and Claims

TDCJ-CID's website reflects that Clark is serving a 25-year sentence for possession of cocaine.[1] Clark alleges that he paid

---

[1] http://168.51.178.33/webapp/TDCJ/index2.htm.

Expertox to test the aggregate weight of cocaine that was used as evidence against him in a criminal proceeding because there was a discrepancy between the amount alleged in the indictment and the test results of the Houston Police Department. (Docket Entry No. 1, at 2-3) However, the lab did not weigh the substance because, according to Lykissa, the trial judge declared that the weight was irrelevant. Id.

Clark contends that the defendants had a contractual duty to weigh the substance and that he is wrongly incarcerated as a result of the breach. Id. at 4-5. He seeks $25,000,000.00 in damages for the mental anguish, pain, and suffering that he has experienced as a result of the wrongful conviction. Id. at 5-6.

## II. Analysis

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of a criminal conviction and has not shown that the conviction has been overturned on appeal or a post-conviction petition for a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). A plaintiff challenges the validity of a criminal conviction when he alleges that he has been denied access to exculpatory evidence related to the conviction. See Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002). Clark complains that he was convicted and sentenced to prison because the defendants denied him the opportunity to present evidence that would have demonstrated that he did not possess the

-2-

requisite amount of illegal substances to be convicted as charged. Such a claim is only cognizable in a habeas corpus proceeding, and the current civil rights complaint is subject to dismissal. Id.

In addition to being subject to dismissal for challenging a criminal conviction, Clark's petition has failed to name defendants who are subject to the provisions of section 1983, which protects against civil rights violations by those who are acting under color of state law. Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743 (5th Cir. 2001). Private citizens and corporations can only be held liable if there is a showing that they conspired with state authorities to violate a plaintiff's civil rights. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). Having failed to allege any facts indicating that the defendants were acting in concert with state officials, Clark's complaint has no legal basis regarding the culpability of the defendants.

Since Clark is a prisoner proceeding in forma pauperis, this court must dismiss this civil rights action if it is frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This action will be dismissed as frivolous because it has no legal basis.

Clark will be ordered to pay the filing fee and the TDCJ-CID Inmate Trust Fund will be ordered to withdraw the fee from Clark's account pursuant to 28 U.S.C. § 1915(b). See Hatchet v. Nettles, 201 F.3d 651 (5th Cir. 2000).

## III.  Conclusion

It is, therefore, **ORDERED** as follows:

1. The civil rights complaint (Docket Entry No. 1) filed by inmate Angelo Keith Clark, TDCJ-CID No. 594754, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

2. Clark is **ORDERED** to pay the filing fee.

3. The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent of each deposit made to Clark's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE